UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

RAYMOND E. MORRISON,              )
                                  )    No. CV-08-079-JPH
          Plaintiff,              )
                                  )    ORDER GRANTING PLAINTIFF'S
v.                                )    MOTION FOR SUMMARY JUDGMENT
                                  )    AND REMANDING FOR FURTHER
MICHAEL J. ASTRUE,                )    ADMINISTRATIVE PROCEEDINGS
Commissioner of Social            )
Security,                         )
                                  )
          Defendant.              )
                                  )
                                  )

        BEFORE THE COURT are cross-Motions for Summary Judgment (Ct. Rec.
18, 20) set for hearing without argument on October 13, 2008.
Attorney Maureen J. Rosette represents Plaintiff; Special Assistant
United States Attorney L. Jamala Edwards represents Defendant.   On
September 29, 2008, plaintiff filed a reply.   (Ct. Rec. 22).   The
parties have consented to proceed before a magistrate judge. (Ct. Rec.
7.) After reviewing the administrative record and briefs filed by the
parties, the court **GRANTS** Plaintiff's Motion for Summary Judgment (**Ct.
Rec. 18**).   Defendant's Motion for Summary Judgment (Ct. Rec. 20) is
**DENIED.**

### JURISDICTION

        On January 21, 2005, plaintiff Raymond Morrison protectively

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
-1

filed his second applications for disability insurance benefits (DIB) and supplemental security income (SSI). (Tr. 330-332, 497-499.) Plaintiff alleged disability due to problems with anxiety, posttraumatic stress disorder (PTSD), severe depression, dysthymic disorder, personality disorder NOS, and borderline personality disorder, with an alleged onset date of July 17, 2001. (Tr. 330-334, 336, 496.) Benefits were denied initially and on reconsideration. (Tr. 320-323, 326-327.) Plaintiff requested a hearing before an administrative law judge (ALJ). At a hearing on May 16, 2007, plaintiff, who was present and represented by counsel, psychological expert Ronald Klein, Ph. D., and vocational expert Deborah Lapoint testified. (Tr. 557-583.) ALJ Richard A. Say denied benefits and the Appeals Council denied review. (Tr. 10-12, 37.) The instant matter is before this court pursuant to 42 U.S.C. § 405(g).

### STATEMENT OF FACTS

The facts of the case are set forth in detail in the transcript of proceedings, and are briefly summarized here. Plaintiff was 41 years old on the relevant date of September 13, 2003, and had earned a GED and completed vocational training in mechanics in 1990. (Tr. 342, 567.) He worked as a dishwasher, cook, lumber stacker and janitor. (Tr. 324-327, 349-350.) Plaintiff testified he got into an argument with his boss and was fired, responded that he quit, and walked out. (Tr. 568.) He is unable to work due to an inability to concentrate, finish projects, and lift more than ten pounds, and severe lower back pain. (Tr. 569.) Plaintiff uses inhalers, smokes 2-3 cigarettes a day, and walks two blocks before needing to rest. (Tr. 570.) Plaintiff drives, watches movies, plays video games, sits

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
-2

for 10-15 minutes, stands 3-4 minutes, and climbs three-quarters of a flight of stairs before needing to rest. (Tr. 571-572.) Plaintiff last drank 6 years before the hearing and uses no illegal drugs. (Tr. 572-573.) He suffers fatigue from hepatitis C requiring two hours of rest daily. (Tr. 573.) He has insomnia, pain in his wrist and elbows, and restless leg syndrome. (Tr. 573-574.) He lives with his partner and leaves the house with her once or twice a week. (Tr. 568, 575.) Plaintiff testified crowds make him nervous. (Tr. 576.)

### SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
-3

engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
-4

*prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

Plaintiff has the burden of showing that drug and alcohol addiction (DAA) is not a contributing factor material to disability. *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001). The Social Security Act bars payment of benefits when drug addiction and/or alcoholism is a contributing factor material to a disability claim. 42 U.S.C. §§ 423 (d)(2)(C) and 1382a(3)(J); *Sousa v. Callahan*, 143 F.3d 1240, 1245 (9th Cir. 1998). If there is evidence of DAA and the individual succeeds in proving disability, the Commissioner must determine whether the DAA is material to the determination of disability. 20 C.F.R. §§ 404.1535 and 416.935. If an ALJ finds that the claimant is not disabled, then the claimant is not entitled to benefits and there is no need to proceed with the analysis to determine whether substance abuse is a contributing factor material to disability. However, if the ALJ finds that the claimant is disabled, then the ALJ must proceed to determine if the claimant would be disabled if he or she stopped using alcohol or drugs.

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
-5

Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold the Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).  "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.  *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F. 2d 573, 576 (9th Cir. 1998).  Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted).  "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).  On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner.  *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner.  *Tackett*, 180

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
-6

F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984).
Nevertheless, a decision supported by substantial evidence will still
be set aside if the proper legal standards were not applied in
weighing the evidence and making the decision. *Brawner v. Secretary*
*of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus,
if there is substantial evidence to support the administrative
findings, or if there is conflicting evidence that will support a
finding of either disability or nondisability, the finding of the
Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-
1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found no reason to reopen the prior application. [On
September 12, 2003, ALJ R.J. Payne issued an adverse decision with
respect to plaintiff's earlier November 8, 2001, applications. The
Appeals Council denied plaintiff's untimely request for review, as
plaintiff failed to show good cause for the late filing as requested.
Consequently, the prior decision established that plaintiff was not
disabled at any time prior to September 13, 2003. (Tr. 21, 24, 133-
135, 312-314.)] At the onset, ALJ Say found that plaintiff acquired
sufficient coverage to remain insured for DIB purposes through June
30, 2006. Plaintiff was required to establish disability on or before
this date to qualify for DIB. (Tr. 22.) At step one of the sequential
evaluation, the ALJ found plaintiff had not engaged in substantial
gainful activity since the applicable date of September 13, 2003.
(Tr. 24.) At steps two and three, ALJ Say found plaintiff had the
severe impairments of chronic obstructive pulmonary disease (COPD) and
low back pain (Tr. 24), but these impairments alone or in combination

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
-7

did not meet or equal one of the listed impairments in 20 C.F.R., Appendix 1, Subpart P, Regulations No. 4 (Listings). (Tr. 28-29.) The ALJ found plaintiff's mental impairments non-severe. (Tr. 26-28.) Prior to step four, he found plaintiff's statements "not entirely credible." (Tr. 32.)

At step four the ALJ determined plaintiff is unable to perform any of his past relevant work. (Tr. 35.) He determined at step five that there are other jobs a person with plaintiff's background and limitations can perform. (Tr. 36-37.) Based on vocational expert testimony, he found plaintiff was capable of working as a short order cook, kitchen food assembler, and pantry goods maker. (Tr. 36.) Therefore, plaintiff was not found "disabled" as defined in the Social Security Act at any time through the date of the ALJ decision. (Tr. 37.)

### ISSUES

The question is whether the ALJ's decision is supported by substantial evidence and free of legal error. Specifically, plaintiff argues the ALJ erred at step two by failing to find that plaintiff suffers from a severe mental impairment. Plaintiff alleges the error occurred because the ALJ failed to properly weigh the opinions of two examining psychologists and improperly relied on the testifying expert's opinion. (Ct. Rec. 19 at 10-15.) The Commissioner responds that the decision should be affirmed because it is free of legal error and supported by substantial evidence. (Ct. Rec. 21 at 5-12).

### DISCUSSION

Plaintiff alleges the ALJ erred in assessing the evidence of psychological impairment, specifically by failing to find his mental

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
-8

1    impairments severe at step two.

2         In social security proceedings, the claimant must prove the
3    existence of a physical or mental impairment by providing medical
4    evidence consisting of signs, symptoms, and laboratory findings; the
5    claimant's own statement of symptoms alone will not suffice. 20 C.F.R.
6    § 416.908. The effects of all symptoms must be evaluated on the basis
7    of a medically determinable impairment which can be shown to be the
8    cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of
9    an underlying impairment has been shown, medical findings are not
10   required to support the alleged severity of symptoms. *Bunnell v.*
11   *Sullivan*, 947, F. 2d 341, 345 (9th Cr. 1991).

12        A treating or examining physician's opinion is given more weight
13   than that of a non-examining physician. *Benecke v. Barnhart*, 379 F. 3d
14   587, 592 (9th Cir. 2004).  If the treating or examining physician's
15   opinions are not contradicted, they can be rejected only with clear
16   and convincing reasons. *Lester v. Chater*, 81 F. 3d 821, 830 (9th Cir.
17   1995). If contradicted, the ALJ may reject an opinion if he states
18   specific, legitimate reasons that are supported by substantial
19   evidence. *See Flaten v. Secretary of Health and Human Serv.*, 44 F. 3d
20   1453, 1463 (9th Cir. 1995).  In addition to medical reports in the
21   record, the analysis and opinion of a non-examining medical expert
22   selected by an ALJ may be helpful to the adjudication. *Andrews v.*
23   *Shalala*, 53 F. 3d 1035, 1041 (9th Cir. 1995) (*citing Magallanes v.*
24   *Bowen*, 881 F. 2d 747, 753 (9th Cir. 1989).  Testimony of a medical
25   expert may serve as substantial evidence when supported by other
26   evidence in the record. *Id.*

27        An impairment or combination of impairments may be found "not
28   ORDER GRANTING PLAINTIFF'S MOTION
     FOR SUMMARY JUDGMENT AND REMANDING
     FOR FURTHER ADMINISTRATIVE PROCEEDINGS
     -9

severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work." *Webb v. Barnhart*, 433 F. 3d 683, 686-687 (9th Cir. 2005)(citing *Smolen v. Chater*, 80 F. 3d 1273, 1290 (9th Cir. 1996); *see Yuckert v. Bowen*, 841 F. 2d 303, 306 (9th Cir. 1988). If an adjudicator is unable to determine clearly the effect of an impairment or combination of impairments on the individual's ability to do basic work activities, the sequential evaluation should not end with the not severe evaluation step. S.S.R. No. 85-28 (1985). Step two, then, is "a de minimus screening device [used] to dispose of groundless claims," *Smolen*, 80 F. 3d at 1290, and an ALJ may find that a claimant lacks a medically severe impairment or combination of impairments only when his conclusion is "clearly established by medical evidence." S.S.R. 85-28. The question on review is whether the ALJ had substantial evidence to find that the medical evidence clearly established that the claimant did not have a medically severe impairment or combination of impairments. *Webb*, 433 F. 3d at 687; *see also Yuckert*, 841 F. 2d at 306.

Medical expert Ronald Klein, Ph.D., assessed a primary diagnosis of dysthymia, with adult antisocial behavior as a V code but not a specific diagnosis. (Tr. 559.)[1]  Dr. Klein noted that plaintiff has

---

[1]A V code refers to the DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS, FOURTH EDITION (DSM-IV), which distinguishes between adult antisocial behavior and antisocial personality disorder NOS. Dr. Klein opined that the primary distinction is that the former involves a greater volitional component. (Tr. 559-560.)

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
-10

had significant problems with DAA in the past, but, believing DAA is not a current problem, he did not include it in his diagnosis. (Tr. 560.) Dr. Klein reviewed Exhibit B4F, the December 2003 results of tests administered by Andrew Forsyth, Ph.D., and opined the results of several different tests are in the "deeply malingering" range, indicating responses so exaggerated that they have "no apparent validity." (Tr. 560-562, referring to Tr. 401-406.) Dr. Klein opined that the 2007 results of John Arnold, Ph.D.'s testing were similar, indicating over-endorsing symptoms consistent with malingering. (Tr. 564-565, referring to Tr. 482-490.)

With respect to DAA, the ALJ stated:

"As indicated in the prior decision, the claimant has a long history of drug and alcohol addiction. However, during the relevant timeframe since the unfavorable decision in September 2003, the record supports the claimant being in intermittent sobriety without further legal entanglements. Therefore, the undersigned finds the claimant's drug and alcohol addictions are no longer severe impairments."
(Tr. 25.) It is worth noting that plaintiff was found disabled based solely on mental impairments in the prior decision. Because DAA was found to be a materially contributing factor to the finding of disability, benefits were disallowed.

The ALJ and Dr. Klein fail to note that after the relevant date of September 13, 2003, the record suggests that DAA continues to be a severe impairment. Several examples include (1) evaluating psychologist Dr. Forsyth's opinion on December 22, 2003, that plaintiff's past problems were due, in part, to DAA in combination with a personality disorder; recommending claims of abstinence be

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
-11

corroborated, and assessing several marked limitations resulting from mental impairments (Tr. 402, 404-405); (2) plaintiff's report to treating professionals in the ER on June 22, 2004, that he occasionally uses methamphetamine and recreational drugs (Tr. 416.); (3) Dr. Forsyth's evaluation on April 13, 2005, noting that, despite plaintiff's claim of more than three years of continuous sobriety, discharge notes in June of 2002 from Lutheran Counseling Services indicate plaintiff was not attending chemical dependency treatment regularly and was not truthful regarding DAA, Dr. Forsyth recommends plaintiff enroll in treatment and give drug tests, believes plaintiff is marginally employable due (in part) to untreated DAA issues (Tr. 424-426); (4) treating physician Joseph Taylor, D.O.'s March 8, 2006, note and observation that plaintiff reports a long history of DAA, including injecting drugs; multiple tracks observed on plaintiff's arms, and admitted occasional alcohol use (Tr. 459); and (5) on March 23, 2006, Dr. Taylor notes labs show hepatitis C; plaintiff continues to drink, and has been off antidepressants for two months (Tr. 461).

The ALJ's finding that DAA is no longer a severe impairment is not supported by the record. Treating and examining professionals both opine that plaintiff's DAA contribute to his mental impairments. The ALJ erred by relying on the lack of legal entanglement as establishing that DAA no longer causes severe impairment.

The ALJ's step two finding that plaintiff's mental impairments are not severe is also not well-supported by the record. The ALJ rejected the opinions of several treating and examining health professionals that plaintiff suffers more than minimal work-related limitations as a result of his mental impairments, primarily by

ORDER GRANTING PLAINTIFF'S MOTION
FOR SUMMARY JUDGMENT AND REMANDING
FOR FURTHER ADMINISTRATIVE PROCEEDINGS
-12

1  relying on the testimony of the medical expert and by disregarding the

2  opinion of examining psychologist Dr. Forsyth that plaintiff's DAA

3  required independent drug testing and further drug treatment in order

4  to accurately diagnose impairment and assess limitations.    The ALJ

5  compounded the step two error by finding plaintiff's DAA is no longer

6  a severe impairment, a finding which is not supported by the record.

7

8      The ALJ's step two finding is not supported by substantial

9  evidence.   The ALJ's determination that DAA is no longer severe is

10  also unsupported by the record, requiring remand.

11      The Court expresses no opinion as to what the ultimate outcome

12  should be on remand.

13  Accordingly,

14      **IT IS ORDERED:**

15      1.   Plaintiff's Motion for Summary Judgment **(Ct. Rec. 18)** is

16  **GRANTED.**  The case is remanded for further administrative proceedings.

17      2.   Defendant's Motion for Summary Judgment **(Ct. Rec. 20)** is

18  **DENIED.**

19      The District Court Executive is directed to file this Order and

20  provide a copy to counsel for Plaintiff and Defendant. Judgment shall

21  be entered for Plaintiff and the file shall be **CLOSED.**

22      DATED October 14, 2008.

23
                          _____s/ James P. Hutton_____
24
                          JAMES P. HUTTON
25                  UNITED STATES MAGISTRATE JUDGE

26

27

28  ORDER GRANTING PLAINTIFF'S MOTION
    FOR SUMMARY JUDGMENT AND REMANDING
    FOR FURTHER ADMINISTRATIVE PROCEEDINGS
    -13